**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 26-6050**

———————

LESTER CADDELL LITTLE,

         Petitioner - Appellant,

    v.

LESLIE COOLEY DISMUKES, Secretary, North Carolina, Department of Adult Correction,

         Respondent - Appellee.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Martin K. Reidinger, Chief District Judge.  (5:25-cv-00110-MR)

———————

Submitted:  June 25, 2026                                  Decided:  June 30, 2026

———————

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Lester Caddell Little, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Caddell Little, a North Carolina prisoner, seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state remedies. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on September 29, 2025, and the appeal period expired on October 29, 2025. Little filed the notice of appeal on December 31, 2025.[*] Because Little failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Little could have delivered it to prison officials for mailing. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).